IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| RONALD WILLIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 11-5015-CV-SW-ODS |
| ) | Crim. No. 07-05062-09-CR-SW-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court declines to issue a Certificate of Appealability.

Movant was convicted in 2009 of conspiring to distribute more than fifty grams of methamphetamine and possessing more than fifty grams of methamphetamine. On August 31, 2009, he was sentenced to 150 months imprisonment on both counts, with the sentences to run concurrently. His imprisonment was to be followed by a five year term of supervised release.

Movant did not appeal his conviction or sentence, so his conviction became final on September 15, 2009. He signed the document initiating his request for post-conviction relief on January 27, 2011, so it could not have been placed in the prison mail system earlier than that date. For the sake of this Order, the Court will assume Movant placed the motion in the prison mail system on that date, meaning this proceeding commenced on January 27, 2011. See Houston v. Lack, 487 U.S. 266, 270 (1988). However, a motion for postconviction relief generally must be filed within one year of when the conviction becomes final. 28 U.S.C. § 2255(f). The motion in this case is untimely.

In response to the Government's argument that the motion is untimely, Movant has invoked section 2255(f)(3). This provision permits a motion for postconviction relief to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Movant contends his motion was filed within one year of the Supreme Court's decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010). Movant's observation is correct, but it does not provide him any relief.

Movant contends his "actual innocense" provides a ground for filing out of time, and cites Padilla for support. Padilla addressed the circumstances in which an attorney must advise a client about the collateral consequences of pleading guilty. It was decided as part of Padilla's direct appeal, and the opinion makes no mention of section 2255's time limits.[1] Movant also contends Padilla somehow created the right he now asserts. Assuming, without deciding, that Padilla initially recognized a new right that was made retroactive to cases on collateral review, it provides no aid to Movant because Movant did not plead guilty and Movant is not raising a claim that his attorney failed to advise him about a consequence of pleading guilty. Padilla has no bearing on any aspect of this case – including the determination of whether Movant's application for relief was timely filed. The Court concludes Movant's application was not timely filed, and his motion is denied.

In order to appeal, Petitioner must first obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

---

[1] It should also be noted that Movant has not demonstrated his "actual innocense." To the contrary, he has merely alleged he is actually innocent without elaboration.

The Court's procedural ruling precludes consideration of the merits, so a Certificate of Appealability should be issued if "jurists of reason would find it debatable whether the person states a valid claim" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The decision that a postconviction motion is time-barred constitutes such a procedural decision. E.g., Anjulo-Lopez v. United States, 541 F.3d 814, 816-17 (8th Cir. 2008); Boston v. Weber, 525 F.3d 622, 623-24 (2008). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b).

The Court declines to issue a Certificate of Appealability because there is no doubt that the motion was filed more than one year after Movant's conviction became final. Reasonable jurists cannot disagree as to Padilla's inapplicability to this case, and there is no other basis for holding that the motion was timely.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: April 12, 2011
UNITED STATES DISTRICT COURT